IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darien C. June, | C/A No.: 3:23-4995-MGL-SVH |
| Plaintiff, | |
| vs. | |
| Dick Smith; Scott Ferry; Dick Smith Ford and Joey, | ORDER AND NOTICE |
| Defendants. | |

Darien C. June ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action against Dick Smith, Scott Ferry, Dick Smith Ford, and Joey (collectively "Defendants") related to the termination of his employment. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual and Procedural Background

Plaintiff's complaint alleges racial discrimination and states he was called "Black a**[] as well as other racial slurs" before he was terminated. [ECF No. 1]. He also asserts defamation and states "I used Dick Smith as a reference on previous jobs and was let go after being told I was let go for (allegedly) hitting 17 year old with vehicle." *Id*. He also claims wrongful terminations because he "was let go without reasonable affirmation." *Id*.

II.    Discussion

  A.    Standard of Review

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B.    Analysis

   1.    No Jurisdictional Statement

Plaintiff has failed to meet the minimal standards for the filing of a complaint. A civil action is commenced by filing a complaint with the court. Fed. R. Civ. P. 3. Pursuant to Fed. R. Civ. P. 8(a), a pleading that states a claim for relief must contain a short and plain statement of the grounds for

the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support. To the extent Plaintiff is suing pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., he should so state and provide evidence of having administratively exhausted his employment discrimination claim with a notice of the right to sue from the Equal Employment Opportunity Commission or South Carolina Human Affairs Commission, as appropriate.

2. Individual Defendants[1]

To the extent Plaintiff has alleged causes of action against individuals pursuant to Title VII, such individuals are subject to summary dismissal. Individuals are not subject to suit under these statutes. *See Baird ex rel. Baird v. Rose*, 193 F.3d 462, 472 (4th Cir. 1999) (stating "Title VII does not authorize a remedy against individuals for violations of its provisions"); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510–11 (4th Cir. 1994) ("We therefore hold that the ADEA limits civil liability to the employer and that Fennessey, as a Marvel employee, is not a proper defendant in this case."); *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010) (finding that Title VII, the ADA, and the ADEA do not provide causes of action against

---

[1] Plaintiff has named as defendants both Dick Smith and Dick Smith Ford. It is unclear whether he intended to sue an individual named Dick Smith, a corporate entity named Dick Smith or both. Plaintiff has also failed to properly identify a defendant he names only as "Joey."

3

defendants in their individual capacities). Therefore, the individual defendants are subject to summary dismissal in this case.

3. Defamation

Plaintiff's defamation claim is insufficient, as he does not state, inter alia, who made the statement, how the statement was published, or that the statement was false.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **November 7, 2023**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

October 17, 2023                           Shiva V. Hodges
Columbia, South Carolina        United States Magistrate Judge