

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| DARIEN C. JUNE, § | |
|     Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION 3:23-4995-MGL-SVH |
| § | |
| DICK SMITH FORD OF COLUMBIA, § | |
| SCOTT FERRY, and JOEY, § | |
|     Defendants. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS**

Plaintiff Darien C. June (June) filed this lawsuit against Defendants Dick Smith Ford of Columbia (DSF), Scott Ferry (Scott) and Joey (Joey). The complaint relates to June's termination of employment from DSF. June is representing himself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting DSF's Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim be granted in part and denied in part, allowing June's Title VII wrongful termination claim based on race to proceed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 22, 2024, June filed his objections on February 29, 2023, and DSF filed both its objections and its reply to June's objections on March 7, 2024. June filed his reply to DSF's objections on March 14, 2024.

June also filed some additional attachments to his reply on April 8, 2024, and a supplement on April 10, 2024.

In DSF's first objection, it maintains "[t]he Magistrate Judge [erroneously] determined . . . [June] sufficiently pled a claim of race discrimination because the phrase 'bitch ass' 'could evince direct discriminatory animus.'" DSF's Objections at 2 (quoting Report at 9). But, DSF misstates the Magistrate Judge's conclusion.

Her decision to suggest the Court allow June to go forward on his termination claim was clearly based on more than just the "bitch ass" comment. As the Magistrate Judge stated in the Report, it was based on the bitch ass comment "as well as circumstantial allegations that he was fired for a false reason." Report at 9.

Here is a list of the allegations June offered in support of his Title VII wrongful termination claim based on race:

> [Scott] has been making insults about my race for months when he was initially transferred to [DSF's] [G]arners [F]erry store. Insults included things like, "this is a [W]hite [P]anthers only meeting" in a meeting with all mechanics attended including myself.
>
> Mysterious sayings like "I'm Going to Catch You[.]"
>
> Also being told by associate Joey "You will get fired before me[."]
>
> Right before being told to leave his shop on Dec. 17 2022[,] [Scott] insulted me yet again with saying like, "Get out of my shop" following a profane message "Bit** A**[.]"

2

*Id*. at 8 (citation omitted).

June also "argues that he has alleged that the reason offered for his dismissal was not true, as shown by the relevant video footage." *Id*. (citation omitted).

Inasmuch as the Magistrate Judge's recommendation to allow June's termination claim to go forward was based on more than just the "bitch ass" comment, the Court will overrule DSF's first objection.

DSF contends in its second objection that June's "other allegations are insufficient to state a claim for race-based wrongful termination[.]" DSF's Objections at 5 (emphasis and capitalizations omitted). The Court is unable to agree.

DSF addresses three of June's other allegations of discrimination, but fails to specifically discuss June's statement "that the reason offered for his dismissal was not true, as shown by the relevant video footage." Report at 8.

Although June's allegations, without more, may well be insufficient to survive a summary judgment motion, they are enough to overcome DSF's failure to state a claim motion. Therefore, the Court will overrule DSF's second objection, too.

In June's objections, attachments, and supplement, he fails to actually object to the Magistrate Judge's recommendation to dismiss all of his claims, except for his Title VII wrongful termination claim based on race.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

3

The Court has "satisf[ied] itself that there is no clear error on the face of the record [and will therefore] accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note. Thus, it will dismiss all of June's claims, except for his termination claim.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules DSF's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court DSF's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**, allowing June's Title VII wrongful termination claim based on race to proceed.

**IT IS SO ORDERED**.

Signed this 11th day of June, 2024, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.