IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darius Cornelius June, ) | C/A No.: 3:23-4995-MGL-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND |
| ) | RECOMMENDATION |
| Scott Ferry; Joey; and Dick Smith ) | |
| Ford of Columbia, ) | |
| ) | |
| Defendants. ) | |
| ) | |

In this employment discrimination case, Darius Cornelius June ("Plaintiff"), a black male, alleges he was wrongfully terminated from his position as a mechanic with Dick Smith Ford of Columbia in December 2022 and was also defamed. Scott Fairey ("Fairey") and Joseph Stubaus ("Stubaus") (collectively "Defendants") seek dismissal of Plaintiff's defamation claim asserted against them.[1]

This matter comes before the court on Defendants' motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6). [ECF No. 81]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the motion to dismiss procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [ECF No. 85]. The motion having been fully briefed [ECF Nos. 87, 88, 89], it is ripe for disposition.

---

[1] Defendants inform the court that they have been incorrectly named. [ECF No. 81 at 1 & n.2, ECF No. 82 at 2, ECF No. 83 at 2]. The court employs their correct names and directs the clerk of court to amend the caption to this case.

Pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), this case has been referred to the undersigned for all pretrial proceedings. For the reasons that follow, the undersigned recommends the district judge deny the motion.

I.  Relevant Factual Background

On October 27, 2023, Plaintiff, proceeding pro se and in forma pauperis, filed his amended complaint alleging claims for defamation as well as claims for violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.* Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. On November 1, 2023, the undersigned authorized service of process against Dick Smith Ford of Columbia, but also issued a report and recommendation ("R&R") that Defendants be dismissed without service of process. [ECF No. 16].

In response, Plaintiff filed an objection to the R&R, along with supplementation. [*See* ECF Nos. 40, 43, 45, 46]. On June 4, 2024, the district judge adopted the R&R in part, holding as follows:

> The Magistrate Judge suggests the Court dismiss June's defamation claims against Scott and Joey on the grounds he failed to "allege facts necessary to assert a claim of defamation, including, inter alia, who made the statement, how the statement was published, or that the statement was false." Report at 3. But,

2

> June has arguably done so in his objections and the supplement to his objections. Thus, the Court will sustain his objections in regards to his defamation claims against Scott and Joey and allow those claims to go forward.

[ECF 57 at 2].[2]

Thereafter, Defendants appeared in this case [ECF No. 78] and filed the instant motion to dismiss concerning Plaintiff's defamation claim asserted against them. [ECF No. 81].

II.  Discussion

    A.  Standard on Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards*, 178 F.3d at 244. Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from

---

[2] The undersigned additionally issued a separate R&R recommending the district judge grant in part and deny in part Dick Smith Ford of Columbia's motion to dismiss, allowing Plaintiff's claim for Title VII wrongful termination based on race to proceed. [ECF No. 37]. The district judge adopted that R&R on June 11, 2024. [ECF No. 63].

3

dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

In their motion, Defendants argue that Plaintiff has failed to state a claim for defamation against them in his amended complaint, that the allegations in the objections considered by the district judge are not part of any amended pleading, and that "when all of the allegations and statements

4

above are taken as true, Plaintiff still fails to state a viable claim for defamation against either individual Defendant and, at best, describes only his unsupported suspicions for why he was either terminated or not hired from subsequent employment." [ECF No. 81 at 3, 5 (citing *Yost v. City of Charleston*, C/A No. 2:09-2024-PMD, 2009 WL 4162274, at *4 (D.S.C. Nov. 24, 2009) (dismissing defamation claim where plaintiff provided no basis for his belief defamatory statements were made)].

The undersigned finds that this issue has already been addressed by the district judge, and, therefore, recommends the district judge deny Defendants' motion to dismiss as already decided. To the extent that Defendants' motion is more properly construed as a motion for reconsideration of the district judge's previously issued order allowing Plaintiff's defamation claim against them to proceed, Defendants may so assert in their objections to this R&R.[3]

III. Conclusion

For the foregoing reasons, the undersigned recommends the district judge deny Defendants' motion to dismiss. [ECF No. 81].

---

[3] The undersigned notes that because Defendants had not appeared in this case, they were unable to timely file a motion for reconsideration as to the district judge's order allowing Plaintiff's defamation claim to proceed against them.

5

IT IS SO RECOMMENDED.

September 23, 2024  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

6

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).