

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| DARIEN CORNELIUS JUNE, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION 3:23-4995-MGL |
| § | |
| DICK SMITH AUTOMOTIVE GROUP, § | |
| SCOTT FAIREY, and JOSEPH STUBAUS, § | |
| Defendants. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Darien Cornelius June (June) filed this lawsuit against Defendants Dick Smith Automotive Group, Scott Fairey, and Joseph Stubaus (collectively, Defendants). June is representing himself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Defendants' motion for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 17, 2025; June filed his objections to the Report on June 23, 2025; Defendants filed their reply to June's objections on June 24, 2025; and June filed a reply to Defendants' reply on June 30, 2025. The Court has carefully considered June's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Here is the entirety of June's objections:

> To whom it may concern I, Darien June[,] disagree with the decision for [dismissal] of this case due to misconstrued interpretation from previous statements made in deposition from recent to present even from the [Report]. My statement made was not in proper form or written in precise usage according to technical recordings of the deposition and previous documents. Not all things that were stated in [the Report] and other documents were true about me even those things stated by Joseph Stubaus and Scott Fairey. I would like to request a [j]ury trial with all supporting documents presented to prove points in this case.

Objections at 1 (emphasis omitted).

As is evident, June wholly fails to bring any specific objections to the Report. As per the law of the Fourth Circuit, this Court need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court is required to review the Report and Recommendation only for clear error in the absence of specific objections. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record to accept the recommendation.") (citation omitted). Nevertheless, in an

abundance of caution, the Court has gone ahead and conducted a de novo review of the record in this case.

Inasmuch as the Court agrees with the Magistrate Judge's cogent analysis of this matter, which the Magistrate Judge sets forth in her comprehensive and well-reasoned Report, it need not repeat her discussion here.

Suffice it to say, because June neglects to make any specific objections to the Report, and the Court has failed to find any defect in the Report, the Court will overrule June's non-specific objections and accept the Magistrate Judge's recommendation as to the disposition of this case.

Inasmuch as the Magistrate Judge warned June of the consequences of failing to file specific objections, Report at 19, he has waived appellate review. *See Howard v. Sec'y of Health & Human Servs*., 932 F.2d 505, 508-09 (6th Cir. 1991) (holding general objections are insufficient to preserve appellate review).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules June's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court Defendants' motion for summary judgment is **GRANTED**. The dismissal of June's Title VII wrongful termination and defamation claims is **WITH PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 5th day of August, 2025, in Columbia, South Carolina.

/s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

\* \* \* \* \*
**NOTICE OF RIGHT TO APPEAL**

June is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.